UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW GURNEY,

                       Plaintiff,

       v.

KOST TIRE AUTO CARE,
                       Defendant.
_____

14-CV-6006

**DECISION AND
ORDER**

## **INTRODUCTION**

Plaintiff Andrew Gurney ("plaintiff"), a former employee of defendant Kost Tire Auto Care ("defendant" or "Kost") brings this action pursuant to 11 U.S.C. § 525 (b), claiming that defendant discriminated against him on the basis of his bankruptcy status. Specifically, plaintiff alleges that defendant terminated plaintiff's employment directly after receiving the Bankruptcy Court's order directing defendant to garnish plaintiff's wages in the amount of $533.00 per week.

Defendant denies plaintiff's allegations, and moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment against the plaintiff. Defendant contends that plaintiff was terminated for business and financial reasons and that plaintiff has failed to establish, as a matter of law, that his bankruptcy was the sole reason for the termination of his employment. Plaintiff opposes the defendant's motion. For the reasons set forth below, the Court grants defendant's motion for summary judgment, and dismisses plaintiff's complaint with prejudice.

The following facts are taken from the respective statements of fact, affidavits, and exhibits submitted by plaintiff and defendant. Plaintiff began working for defendant on July 7, 2010 as the store manager of a Kost establishment in Henrietta, New York for a salary of $1,375.00 per week plus a 2% commission on service sales. On July 1, 2011, plaintiff was promoted from store manager to regional manager of Kost's Rochester "section" of stores. In 2010, however, defendant company had begun to consider a reorganization of its corporate structure in an effort to cut costs. As part of this decision, defendant decided to cut plaintiff's position as regional manager of the Rochester section and put one regional manager in charge of all the New York stores. At the time, plaintiff was considered by defendant to be the most junior regional manager in terms of employment seniority.

Defendant asserts that the decision to terminate plaintiff was based on several factors: a need to cut costs as stated above; three instances in 2013 when cash went missing at a store that plaintiff was managing; a $1,133.70 cash deposit for which plaintiff was responsible was reported stolen in June 2011; the stores in the Rochester region had been losing money under plaintiff's management; plaintiff was the most junior regional manager; and plaintiff's background was not well suited for reassignment. Kenneth Schrader ("Schrader"), Kost's comptroller and chief financial officer, affirmed that he initiated the restructuring of defendant's corporate structure to save costs, and

that he set up meetings to that end with David and Sam Kost in 2010. It was ultimately decided that the New York "sections" would be consolidated under one regional manager, David Getter. As a result, the other regional managers, plaintiff, Armando Garcia, and Robert Pendergast, were to be reassigned or terminated.

David Kost states that he made the final decision to terminate plaintiff's employment: "As we looked at senority, production, cost and overall success of Kost, Plaintiff was at the bottom of the list for our measure of success. In addition, Plaintiff's background did not line up with any of the possible positions we might have reassigned him to." Affidavit of David Kost, ¶ 6. Both Schrader and David Kost deny any knowledge of plaintiff's bankruptcy prior to the decision to terminate his employment or that any mention of his financial situation was made during their meetings. When David Kost discussed plaintiff's termination with him in a telephone conversation on December 13, 2011, David claims that he was still unaware of the bankruptcy and that plaintiff did not mention it.

Plaintiff responds that there is no evidence that any other employees were terminated as part of a reorganization, but he does not dispute that a reorganization occurred or that defendant restructured the positions and altered the responsibilities of other higher level employees. Plaintiff also acknowledges that, during his employment with defendant, his wages were already being garnished for child support obligations.

## DISCUSSION

I.  <u>Standard of Review</u>

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. *See Tolan v. Cotton*, ___ U.S. ___, 134 S.Ct. 1861, 1863 (2014). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *See Scott v. Harris*, 550 U.S. 372, 380 (2007), citing *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 1986).

**II. Plaintiff has failed to raise a question of fact as to whether his bankruptcy was the sole reason for his termination.**

Pursuant to 11 U.S.C. § 525(b), private employers are prohibited from discharging bankrupt employees "solely" because they have filed for bankruptcy. *See* 11 U.S.C. § 525(b). "[A] fundamental element of a § 525(b) claim is that the . . . filing of bankruptcy . . . is the *sole reason* for discriminatory treatment by an employer." *Laracuente v. Chase Manhattan Bank*, 891 F.2d 17, 23 (1st Cir.1989).

Here, in support of his allegation of defendant's discriminatory discharge, plaintiff points to the undisputed fact

that his termination occurred on the same day that the company received notice of plaintiff's bankruptcy-related wage garnishment. Although this evidence may circumstantially sustain a prima facie claim of discriminatory discharge under § 525(b), in light of the statute's requirement that plaintiff's bankruptcy be the sole reason for his firing, "the salient factual issue for [this Court is] whether other factors played a role in the decision as well." *White v. Kentuckiana Livestock Mkt.*, Inc., 397 F.3d 420, 427 (6th Cir.2005). In its motion for summary judgment, defendant provides several other reasons for plaintiff's discharge from his position as regional manager. Uncontroverted affidavits and deposition transcripts were submitted by defendant establishing that, among other factors noted as contributing to his dismissal, plaintiff was the most junior regional manager at that time, the Rochester area stores experienced declining sales under his management, and, in 2013, there were instances of missing money at the stores overseen by plaintiff. In his affidavit, Schrader stated that he was involved in the decision to reorganize and downsize Kost's operations, a business related measure that had been under consideration since late 2010. Schrader further stated that he decided, along with Sam and David Kost, that, as part of the downsizing effort, there would be only one regional manager of all the New York stores, and the other regional managers, including plaintiff, would be reassigned or discharged. Schrader affidavit, ¶ 6. Although plaintiff avers that the business-related reasons given for his discharge are pretextual, he fails to raise a

material, factual dispute with respect to any of the reasons set forth by defendant. Moreover, plaintiff's claim that he was terminated because Kost's payroll department's received his bankruptcy garnishment order is clearly belied by plaintiff's acknowledgment in the record that his wages were already being garnished and defendant had several other current employees with garnishments related to bankruptcy, child support, or tax obligations.

Beyond stating his conclusory assumption that, based on the "suspect" timing of his termination, he was discharged for being bankrupt, plaintiff has failed to articulate any facts or circumstances to support his claim that his bankruptcy was the sole reason. The record clearly supports defendant's contention that plaintiff's discharge was not due solely to his bankruptcy petition, and plaintiff has failed to show that there is a genuine issue of material fact. Plaintiff asserts in his response brief that a causal connection between the notice of his bankruptcy status and his discharge by defendant has been established. Plaintiff's memorandum of law, p. 8. The Court concludes, however, that this circumstance alone falls short of proof from which a reasonable jury might conclude that plaintiff's bankruptcy status was the sole reason for his termination.

In its reply brief, defendant also asserts the post-discovery affidavit of Kevin Borghi ("Borghi"), dated May 18, 2015, which was submitted by plaintiff in opposition to defendant's summary judgment motion, should be excluded by the Court as untimely,

unreliable, and inconsistent with plaintiff's prior testimony, interrogatory responses, and admissions. It is well settled, however, that "[c]ourts generally have wide discretion to consider untimely submissions." *Muniz v. Rock*, 2014 WL 1202690, at *5 (N.D.N.Y.2014); *see also United States v. Kirsteins*, 1990 WL 208722, at *2 (N.D.N.Y.1990) (noting that Federal Rule of Civil Procedure 6[d] permits give courts discretion to permit opposing affidavits to be served at some other time). The Court nonetheless finds that, under the facts and circumstances of this case, the Borghi affidavit fails to create a genuine issue of material fact. *See e.g. Marietta v. Hartford Underwriters Ins. Co.*, 198 F.3d 245 (6th Cir.1999).

In his two-page affidavit, Borghi, a former Kost employee, states that he had a breakfast meeting with David Kost in early 2013. During their meeting, David told Borghi that: "he could not have people with judgments or bankruptcies working in upper level leadership roles," and "having people with judgments and bankruptcies looks bad for the company and creates an image issue." Borghi affidavit, ¶ 8-9 (internal quotation marks omitted). David further stated that "that was why [defendant] had to fire [plaintiff]." Borghi affidavit, ¶ 9 (internal quotation marks omitted). Under the plain language of Section 525(b), however, there has been a clear showing in the record that plaintiff's bankruptcy status was not the sole reason for his termination. Therefore, plaintiff's claim of discriminatory discharge is not supported.

Because defendant has produced evidence justifying plaintiff's discharge for reasons other than his bankruptcy petition, the Court, viewing the record in the light most favorable to plaintiff, finds that there exists no genuine factual dispute between the parties. Consequently, summary judgment is granted in favor of defendant.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATED:    Rochester, New York
          September 2, 2015